UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CINDY LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CV-228 |
| | ) | |
| BETHESDA LUTHERAN COMMUNITIES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Amended Motion to Extend Discovery for Production of Documents. (Docket # 23.) The motion is now fully briefed (*see* Docket # 26, 27), and further argument was heard on August 9, 2012 (Docket # 30). For the following reasons, Plaintiff's motion will be DENIED.

### A. *Factual and Procedural Background*

In this suit, Plaintiff Cindy Lawson alleges that her former employer, Defendant Bethesda Lutheran Communities, Inc., terminated her for taking leave under the Family Medical Leave Act. A year ago, on August 11, 2011, the parties filed their Report of Parties' Planning Meeting, which set a deadline of April 18, 2012, for the completion of all discovery. (Docket # 8 at 2.) At the preliminary pretrial conference, the Court approved the Report, making its provisions—including the April 18, 2012, discovery deadline—an order of the Court. (Docket # 10.)

On March 5, 2012, the Defendant requested an extension of the discovery and dispositive motion deadlines (Docket # 14), which the Court granted, extending the discovery deadline two

1

months, to June 18, 2012, and the dispositive motion deadline to August 17, 2012 (Docket # 15).

Three months later Lawson filed her motion to extend discovery solely so she could depose Mark Faller, the human resources manager who purportedly terminated her. (Docket # 16.) At a hearing on this motion (Docket # 20), Lawson's counsel explained that he was unable to depose Faller earlier because of the death of Lawson's husband and the congested calendars of counsel, and he further represented that Faller's deposition would be the last discovery needed. As such, the Court once again extended the discovery deadline—until July 19, 2012 (the pre-arranged, tentative date for Faller's deposition)—as well as the dispositive motion deadline and followed that up with the resetting of the final pretrial conference and trial. (Docket # 20.)

In the afternoon of the last day of discovery, July 19, 2012, Lawson deposed Faller and learned for the first time about a letter and emails that she now believes are relevant to her termination; she then requested those documents at the deposition. (Pl.'s Am. Mot. to Extend Disc. for Produc. of Docs. ("Pl.'s Am. Mot.") ¶¶ 5-6.) That same day, Lawson filed a motion to extend discovery (Docket # 21), which the Court denied without prejudice for failing to comply with Local Rule 37-1(a) (Docket # 22). The following day, Lawson properly filed the present motion to extend discovery, requesting an extension of the discovery deadline until August 25, 2012, to obtain, primarily, the documents revealed in Faller's deposition. (Docket # 23.)

The Defendant objects to the motion, observing that Lawson never served any written discovery in the eleven months before Faller's deposition. (Docket # 26 at ¶ 6.) During the August 9, 2012, hearing, however, Lawson's counsel represented that he thought written discovery had previously been served on the Defendant. Accordingly, the Court gave Lawson's

counsel until the end of the day to produce any discovery served on the Defendant. Later that day, Lawson's counsel submitted discovery that was *drafted* (Docket # 31), but apparently never served, remaining unnoticed in counsels' files for nearly a year.

## B. Applicable Law

Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662506, at *1.

## C. Analysis

In an apparent effort to show good cause, Lawson offers two explanations for her failure to conduct discovery within the agreed—and court-ordered—deadline: (1) she did not know that the requested documents even existed until Faller's deposition on July 19, 2012, and (2) the Defendant should have disclosed these documents in its Rule 26(a) initial disclosures. Since neither proposition touches upon Lawson's diligence, both explanations are non-starters for showing good cause.

It is well-settled that "[g]enerally, the discovery deadline specifies the date on which all discovery must be completed[;] therefore, any document requests must be served at least 30 days prior to the discovery deadline." *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.*, 271 F.R.D. 487, 495 (N.D. Ind. 2010) (citation omitted). Thus, by waiting for eleven months and almost (literally) the last minute to do *any* discovery, Lawson painted herself into a corner,

making it impossible for her to do a timely follow-up on what she might learn at Faller's deposition. This foreseeable outcome, the result of a lack of diligence, is not good cause. Moreover, Lawson never does explain why, *despite her diligence*, the written discovery she wishes to do now could not have been done sooner.

Lawson's second reason does not equate to good cause either. Federal Rule of Civil Procedure 26(a)(1) requires a party to disclose only the information and documents that "the disclosing party may use to support its claims or defenses . . . ." FED. R. CIV. P. 26(a)(1)(A)(ii). While an earlier version of the Rule required a party to disclose documents "relevant to disputed facts alleged," *Strayer v. Bare*, No. 1:06-CV-2068, 2012 WL 2504902, at *4 (M.D. Pa. June 28, 2012) (citation omitted), "[t]he plain language of the [current] Rule makes clear that the disclosing party must only disclose materials if *that party* intends to use the materials to support its claims or defenses," *Ruddell v. Weakley Cnty. Sheriff's Dep't*, No. 1:07-cv-01159-JDB-egb, 2009 WL 7355081, at *1 (W.D. Tenn. May 22, 2009) (emphasis in original).

Here, the Defendant has not indicated that it intends to use the requested documents to support its defenses. Moreover, if the Defendant did attempt to use these documents, Rule 37 would preclude their use unless the failure to disclose under Rule 26 "was substantially justified or is harmless." *Strayer*, 2012 WL 2504902, at *4 (citing FED. R. CIV. P. 37(c)(1)). Therefore, because the Defendant apparently does not intend to use the requested documents—and because it would be precluded from doing so unless the necessary showing is made under Rule 37—there was no legal duty requiring the Defendant to disclose these documents to Lawson in its initial disclosures. *Id.* Rather, Lawson's remedy for acquiring these documents was through a discovery request seeking such evidence, which she never served. *Ruddell*, 2009 WL 7355081,

4

at *1.  And if Plaintiff truly thought Defendant's initial disclosures were inadequate, she never sought to compel a supplementation.  *See Sauer v. Exelon Generation Co.*, No. 10 C 3258, 2011 WL 3584780, at *7-8 (N.D. Ill. Aug. 15, 2011) (defendant filed a motion to compel plaintiff to amend its initial disclosures); *United States v. Dean Foods Co.*, No. 10-CV-59, 2010 WL 3980185, at *4 (E.D. Wis. Oct. 8, 2010) (defendant filed a motion to compel seeking relevant facts obtained from interviews that were not listed in the plaintiffs' initial disclosures).

At this point, the Court has extended the discovery and dispositive motion deadlines twice—once at Lawson's request and with the assurance that Faller's deposition would be the last discovery needed—and overall gave Lawson a generous eleven months to conduct discovery.  Moreover, when the Court gave Lawson the last extension, the Court was forced to also reset the final pretrial conference and trial dates and is unwilling to do so again.  In sum, Lawson has failed to show that, despite her diligence, the discovery deadline could not reasonably have been met.  *Smith*, 1997 WL 662506, at *1.  Indeed, the record illustrates an almost textbook example of a lack of diligence.

As such, Lawson has failed to show good cause for extending the discovery deadline a third time.  *Cf. United Consumers Club, Inc.*, 271 F.R.D. at 496-97 (finding good cause to modify scheduling order to allow defendant's discovery request made on the last day of discovery when plaintiff intentionally tried to avoid discovery and the request was otherwise responsive to a previous discovery request).  And if the Court granted the motion, it would entail yet another extension of the dispositive motion deadline and a resetting of the final pretrial conference and trial, all to the prejudice of the Defendant, and at the expense of efficient judicial administration.

"[T]his Court takes seriously the scheduling orders it issues—and so should the litigants." *S.E.C. v. Lipson*, No. 97 C 2661, 1999 WL 104357, at *2 (N.D. Ill. Feb. 24, 1999). "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (internal quotation marks and citation omitted); *see Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.*, No. 09-cv-710-MJR, 2011 WL 2161106, at *3 (S.D. Ill. June 1, 2011) ("[D]eadlines have meaning and consequences.") (collecting cases). "One who decides to follow a schedule of his own devising, for reasons of his own invention, has no legitimate complaint when the tribunal adheres to the rules."[1] *Vakharia v. Little Co. of Mary Hosp.*, No. 94 C 5599, 2002 WL 485362, at *5 (N.D. Ill. Mar. 29, 2002) (quoting *White v. Bensten*, 31 F.3d 474, 476 (7th Cir. 1994)).

### D. Conclusion

For the foregoing reasons, Plaintiff's Amended Motion to Extend Discovery for Production of Documents (Docket # 23) is DENIED.

SO ORDERED.

Entered this 10th day of August, 2012.

s/Roger B. Cosbey
Magistrate Judge
United States District Court

---

[1] Moreover, Lawson's amended motion comes, technically, after the close of discovery—having been filed the day *after* the discovery deadline; as such, Lawson must show excusable neglect, *see Murphy v. Eddie Murphy Prods., Inc*., 611 F.3d 322, 324 (7th Cir. 2010) ("A motion filed before the deadline may be granted 'for good cause'[;] a motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'" (quoting FED. R. CIV. P. 6(b)(1)(A)-(B))), which she has also failed to do.