UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CINDY LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:11-CV-228 |
| v. | ) |
| | ) |
| BETHESDA LUTHERAN | ) |
| COMMUNITIES, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Bethesda Lutheran Communities, Inc.'s Bill of Costs (Docket # 47) and Request for Taxation of Costs (Docket # 48) under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.[1] For the following reasons, Defendant's Request for Taxation of Costs will be GRANTED in the full amount requested.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On June 13, 2011, Cindy Lawson sued her former employer, Bethesda Lutheran Communities, Inc., in the Allen Superior Court, alleging that Bethesda interfered with her rights under the Family and Medical Leave Act ("FMLA") and retaliated against her for requesting

---

[1] Under Local Rule 54-1, to recover costs, Bethesda was required to file and serve only a completed AO Form 133 within 14 days after final judgment was entered in this case, N.D. Ind. L.R. 54-1, which it did on December 10, 2012 (Docket # 47). According to Federal Rule of Civil Procedure 54(d)(1), Plaintiff Cindy Lawson would then have 7 days to file a motion to ask the court to review the clerk's entry of the costs. *Thornton v. St. Anne Home*, No. 1:09-CV-145 RM, 2011 WL 4732848, at *1 (N.D. Ind. Oct. 3, 2011). But, along with the Bill of Costs, Bethesda also filed an unnecessary motion, captioned a Request for Taxation of Costs. (Docket # 48.) To avoid confusion over how much time Lawson had to object to the Bill of Costs, the Court ordered that Bethesda's motion would brief out in accordance with Local Rule 7-1(d)(2) (Docket # 50), giving Lawson additional time to make any objections. Lawson, however, has not responded to Bethesda's motion, or otherwise objected to the Bill of Costs, and the time to do so has since passed. Therefore, Lawson has waived any objections.

FMLA leave. (Docket # 1.) Bethesda subsequently removed the case to this Court, paying a $350 removal fee to do so. (Docket # 2.)

Bethesda moved for summary judgment on September 19, 2012 (Docket # 33), partially relying on the depositions of Lawson and Mark Faller, Bethesda's Regional Human Resources Director who initiated an investigation into Lawson's conduct and ultimately informed her she was terminated (*see* Docket # 35 (Defendant's Appendix of Evidence in Support of Motion for Summary Judgment)). On November 27, 2012, the Court granted Bethesda's motion for summary judgment on all of Lawson's claims (Docket # 45); the Clerk entered judgment in favor of Bethesda the following day (Docket # 46).

On December 10, 2012, Bethesda filed a Bill of Costs and a Motion for Bill of Costs, captioned a Request for Taxation of Costs, requesting $2,351.97 in costs that Bethesda incurred in connection with defending this action. (Docket # 47, 48.) Lawson was given an extended opportunity to object to Bethesda's motion (*see* Docket # 50), but she never responded to the motion or otherwise objected to the Bill of Costs.

## III. STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be awarded to the prevailing party." FED. R. CIV. P. 54(d)(1). Recoverable costs include fees of the clerk; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees for printing; and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920(1)-(4). Under Rule 54, "[t]here is a presumption that the prevailing party will recover costs, and the losing

party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005) (citation omitted).

District courts possess wide discretion in determining whether, and to what extent, costs may be awarded to the prevailing party. *Beardsley v. Casey*, No. 11 C 2286, 2012 WL 6642378, at *1 (N.D. Ill. Dec. 20, 2012). And "[w]hen assessing a bill of costs, a district court must ascertain whether a statute authorizes recovery of the costs and whether the amount sought is reasonable." *Fagbemi v. Spatz*, No. 08 C 3736, 2010 WL 3522946, at *1 (N.D. Ill. Sept. 2, 2010) (citing *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000)).

## IV. DISCUSSION

Bethesda seeks to recoup three categories of costs: (1) the removal fee; (2) the printing or copying costs associated with obtaining Lawson's medical records; and (3) deposition costs. (*See* Mem. in Supp. of Def's Bill of Costs 2-5.) The Court will address each category in turn.

### *A. Removal Fee*

Bethesda first requests the $350.00 fee it paid to the Clerk of Court when removing this case from the Allen Superior Court to this Court. (Mem. in Supp. of Def.'s Bill of Costs 2-3; *see* Docket # 47-1.)

Section 1920 expressly provides for taxation of fees of the clerk. 28 U.S.C. § 1920(1). "Although the Seventh Circuit [Court of Appeals] has not specifically addressed the taxation of a removal fee, other district courts in this Circuit have allowed removing defendants to recover that fee as a cost, reasoning that 'plaintiff's choice to file in a state court should not place defendants in a worse position with respect to recovery of costs than if plaintiff had filed the case in federal court at the outset.'" *Cleary v. Philip Morris Inc.*, No. 09 C 1596, 2010 WL 4039793,

at *3 (N.D. Ill. Oct. 14, 2010) (quoting *Beckham v. Stiles*, No. 06 C 978, 2009 WL 4667256, at *1 (E.D. Wis. Dec. 3, 2009); *Aguirre v. Turner Constr. Co.*, No. 05 C 0515, 2008 WL 4790392, at *3 (N.D. Ill. Oct. 27, 2008); *Reese v. Karl Schmidt Unisia, Inc.*, No. 1:07-CV-98-PPS, 2008 WL 3465932, at *2 (N.D. Ind. Aug. 12, 2008)).

Accordingly, the removal fee that Bethesda paid is both a taxable cost under Rule 54 and a reasonable one. As such, Bethesda's motion to recover the $350.00 removal fee, to which Lawson does not object, is GRANTED.

### B. Medical Records/Copy Costs

Bethesda next seeks to recover the costs associated with obtaining Lawson's medical records—specifically, $307.57, which largely consists of printing or copying charges paid to the producing medical providers. (Mem. in Supp. of Def.'s Bill of Costs 3; *see* Docket # 47-4.)

Under § 1920, "[c]opying costs of medical records that are necessary for a case are allowable." *Taneff v. Calumet Twp.*, No. 2:07-CV-216-PRC, 2009 WL 500558, at *3 (N.D. Ind. Feb. 26, 2009) (citing *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)); *see* 28 U.S.C. § 1920(4) (providing that "the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable costs). Section 1920 further provides that fees and disbursements for printing are taxable costs as well. 28 U.S.C. § 1920(3).

In the instant case, Lawson alleged that Bethesda interfered with her entitlement to FMLA and retaliated against her for requesting FMLA leave. To survive summary judgment on her FMLA interference claim, Lawson needed to show that she was entitled to take leave under the FMLA, which in turn required her to establish that she suffered from a "serious health condition" as defined by the Act. *See Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 669 (7th

4

Cir. 2011). In its summary judgment motion, Bethesda argued that Lawson did not suffer from a serious health condition (Docket # 34 at 5-7) and relied on medical records obtained through non-party discovery to support this argument (*see* Docket # 35-30, 35-35). As such, the medical records Bethesda obtained from Lawson's medical providers were relevant to her claims. And Bethesda specifically used some of them in its motion for summary judgment. Therefore, the copies of Lawson's medical records were necessarily obtained for use in this case, making the printing or copying costs Bethesda incurred in obtaining those records taxable. *See* 28 U.S.C. § 1920(3)-(4).

As the $307.57 copying charge for Lawson's medical records, to which Lawson does not object, is both recoverable and reasonable, *Fagbemi*, 2010 WL 3522946, at *2, Bethesda's motion to recoup this cost is GRANTED.

### C. Deposition Costs

Lastly, Bethesda requests the costs of deposing Lawson and transcribing her deposition ($1,421.00) and obtaining a transcript of Faller's deposition ($273.40), for a total of $1,694.40 in deposition costs. (Mem. in Supp. of Def.'s Bill of Costs 4; *see* Docket # 47-2, 47-3.)

"Deposition and transcript costs are recoverable where the deposition was reasonably necessary at the time the deposition was taken in light of the facts known at the time." *Beardsley*, 2012 WL 6642378, at *2 (quoting *Kaplan v. City of Chicago*, No. 05 C 2001, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009)). Moreover, "[c]ourt reporter charges are explicitly allowed by 28 U.S.C. § 1920, which includes in its list of allowed costs, '[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case.'" *Thornton*, 2011 WL 4732848, at *2 (quoting 28 U.S.C.§ 1920(2)). Here, Bethesda's deposition of Lawson, the

5

Plaintiff in this case, was reasonably necessary and undoubtedly obtained for use in this case; in fact, Bethesda relied heavily on excerpts from Lawson's deposition in support of its summary judgment motion (*see* Docket # 35-1 (Bethesda's Statement of Material Facts), 35-2 (over 80 pages of excerpts from Lawson's deposition attached in support of Bethesda's summary judgment motion)). Similarly, the costs Bethesda incurred to obtain a transcript of Faller's deposition, which Lawson conducted, were also necessarily obtained for use in this case and reasonable. Although Bethesda did not depend as heavily on Faller's deposition in its motion for summary judgment as it did on Lawson's deposition, it still attached over 20 pages of excerpts from Faller's deposition and explicitly cited to most of them. (*See* Docket # 35-1, 35-3.)

Accordingly, as the costs Bethesda incurred associated with Lawson's and Faller's depositions were reasonable and the deposition transcripts were necessarily obtained for use in this case, Bethesda's motion to recover $1,694.40 in deposition costs is GRANTED.

## V. CONCLUSION

For the foregoing reasons, Defendant's Request for Taxation of Costs (Docket # 48) is GRANTED in its entirety. Defendant Bethesda Lutheran Communities, Inc., is awarded $2,351.97 in costs. The Clerk is directed to tax Plaintiff Cindy Lawson with $2,351.97 in costs and enter a judgment in favor of Bethesda Lutheran Communities, Inc., accordingly.

SO ORDERED.

Entered this 28th day of December, 2012.

/s/ Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge